O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT ROBERT PASERI,<br><br>    Petitioner,<br><br>    v.<br><br>DOMINGO URIBE, JR., Warden<br><br>    Respondent. | Case No. ED CV 12-1705-PSG (SP)<br><br>**MEMORANDUM AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |

## I.
## INTRODUCTION

Petitioner is a California state prisoner currently incarcerated at Centinela State Prison. He filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on October 5, 2012. Petitioner contends that his due process rights were violated when he was denied parole following a hearing on November 30, 2010. In light of *Swarthout v. Cooke*, __ U.S. __, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam), the Court finds that the petition must be dismissed because petitioner cannot demonstrate that his federal due process rights were violated or that any state court decision was contrary to or involved an unreasonable application of clearly established Supreme Court law.

## II.

**BACKGROUND**

Petitioner was convicted in 1991 of first degree murder and of assault with a deadly weapon and force likely to produce great bodily injury. Pet. at 2.[1] He was sentenced to twenty-five years to life in prison. *Id.*

Following a hearing held on November 30, 2010 before the Board of Parole Hearings, petitioner was denied parole in a decision that became final on March 30, 2011. Pet. at 72, 128, 133. Petitioner challenged that decision in a series of habeas petitions filed in the state courts. Pet. at 59-70.

The Superior Court denied his petition in a reasoned decision issued on March 5, 2012. Pet. at 60-64. The Superior Court found that, contrary to petitioner's contentions, the Board's decision denying him parole was supported by "some evidence." Pet. at 60-63. The Superior Court also found that petitioner's due process rights under the United States Constitution were not violated, as petitioner was present at his parole hearing, was given a right to be heard, and was told the reasons parole was denied. Pet. at 64. The California Court of Appeal and California Supreme Court denied his petitions without comment. Pet. at 68, 70.

In the instant federal Petition, petitioner raises one ground for relief: that his due process rights "were violated when the Board of Parole Hearing's personnel did not follow their own rules, when finding petitioner unsuitable for parole, during his November 30th, 2010 BPH; which relief on the unchanging factors of the circumstances of the crime." Pet. at 5.

On October 12, 2012, this Court issued an Order to Show Cause why the Petition should not be denied in light of *Swarthout v. Cooke*. Petitioner responded to the Order to Show Cause on November 13, 2012.

**III.**

---

[1] The court refers to the pages in the Petition supplied by the Court's electronic Page ID numbering on CM/ECF, i.e., pages 1-217.

**DISCUSSION**

Petitioner claims that the Board of Parole Hearings violated his federal constitutional right to due process by not following its own rules so as to deny him parole in a situation in which petitioner contends parole was mandated by statute. Petitioner suggests that in *Greenholtz v. Inmates of Neb. Penal and Corrections Complex*, 442 U.S. 1, 99 S. Ct. 2100, 60 L. Ed. 2d 668 (1979), the Supreme Court afforded courts a basis to find a prisoner's federal due process rights have been violated when a state fails to follow its own statutory scheme that mandates parole when certain conditions are met. In fact, however, the Supreme Court rejected that very argument in *Greenholtz*. *See id.* at 7-16.

The Supreme Court's more recent decision in *Swarthout v. Cooke* clearly disposes of petitioner's claim. There, the Supreme Court held that even if a California prisoner has a state-created liberty interest in parole, the only federal due process to which a California prisoner challenging the denial of parole is entitled is the minimal procedural due process protections set forth in *Greenholtz*, 442 U.S. at 16 (i.e., an opportunity to be heard, and a statement of reasons for the denial). *Cooke*, 131 S. Ct. at 861-62. The Supreme Court observed that, where the records reflect that the prisoners were allowed to speak at the hearings and to contest the evidence, were afforded access to their records in advance, and were notified as to the reasons why parole was denied, "[t]hat should have been the beginning and the end of the federal habeas courts' inquiry into whether [the prisoners] received due process." *See id.* at 862. Under the Supreme Court's decision in *Cooke*, "it is no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied." *See id.* at 862-63.

Here, petitioner is not claiming that he was denied the minimal procedural due process protections set forth in *Greenholtz*. Indeed, the record submitted by petitioner – which includes a portion of the hearing transcript (only the odd-numbered pages) and other documents – reflects that petitioner was allowed to speak at the parole

consideration hearing and to contest the evidence, was represented by counsel, and was notified as to the reasons why parole was denied. Pet. at 72-134. Therefore, petitioner has received all of the procedural protections afforded him by *Greenholtz*.

Although petitioner tries to couch his claim as one for violation of due process, in essence petitioner is challenging the correctness of the Board of Parole Hearings' findings. *See* Pet. at 11-35. Petitioner asserts that he is not challenging whether the Board's decision was supported by "some evidence" (Pet. at 32), but a fair reading of the Petition reveals that petitioner is in fact arguing that the Board did not comply with California's statutory requirements and properly support its decision, and thus, in essence, that the Board did not comply with the "some evidence" rule. Because petitioner's claim solely involves the application or interpretation of state law, it is not a cognizable claim for federal habeas relief. *See* 28 U.S.C. § 2254(a); *Cooke*, 131 S. Ct. at 863 ("[I]t is no federal concern here whether California's 'some evidence' rule of judicial review . . . was correctly applied."); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Smith v. Phillips*, 455 U.S. 209, 221, 102 S. Ct. 940, 71 L. Ed. 2d 78 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution."); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997) ("We accept a state court's interpretation of state law, . . . and alleged errors in the application of state law are not cognizable in federal habeas corpus ."). "There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence." *Cooke*, 131 S. Ct. at 862. Without such a federal right, this Court cannot effect the relief sought. The point is underscored by petitioner's repeated citation to California statutes and case law in his petition – "[w]hatever liberty interest exists is, of course, a *state* interest created by California law." *Id.*

Accordingly, petitioner's claim that the Board of Parole Hearings erred is not

cognizable in an action for federal habeas relief. And to the extent petitioner's claim is construed as a one for violation of his federal due process rights, because he received all the procedural protections required by the federal Constitution, the California courts' rejection of petitioner's federal due process claim was not contrary to and did not involve an unreasonable application of clearly established Supreme Court law.

## IV.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action with prejudice.

DATED: ___November 26, 2012

_____
HONORABLE PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE